IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

OPINION AND ORDER

           Plaintiff,

08-cv-274-bbc
06-cr-54-bbc-01

     v.

LARRY HENDRIX,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Larry Hendrix has moved for a reduction of his sentence under 28 U.S.C. § 2255. He contends that his court-appointed counsel gave him ineffective assistance at his sentencing by failing to seek a downward departure under §§ 4A1.3 and 4A1.2(e) on the ground that defendant's criminal history substantially overstated the seriousness of his past criminal conduct and by not arguing that defendant's previous conviction in the County Court for Dane County, Wisconsin for possession of less than 5 grams of cocaine was not a prior felony drug offense for sentencing purposes.

To prove a claim of ineffective assistance of counsel, a defendant must show both that his counsel's representation of him fell outside the wide range of professional competent

1

assistance *and* that the inadequate representation caused him prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 690 (1984).  Defendant cannot make that showing in this case.  The two instances of ineffectiveness he attributes to his counsel are matters on which defendant could not possibly have succeeded.  For counsel to raise and argue them would not have been effective representation and omitting these arguments could not have prejudiced defendant.

First, defendant was found to have had six violent felony convictions in the past, with some dating as far back as 1974.  He argues that these "old" felonies should not have been counted, but nothing in U.S.S.G. § 4B1.1 supports his argument.  The provision says nothing about the age of the felonies, in contrast to Fed. R. Evid. 608(b), for example, which sets a time limit on the use of prior convictions for impeachment purposes.

Given the number of previous violent felonies, it would have been difficult for counsel to argue that defendant's criminal history score overstated the seriousness of his past criminal conduct.  In any event, it would have been futile, because the guidelines require treating a person with at least two previous convictions for violent felonies as a career criminal.

Defendant's second contention is that his counsel let him down by not arguing that his previous state court conviction for possession of less than 5 grams of cocaine was not a prior felony drug offense for sentencing purposes.  Defendant fails to say that the offense

2

was not for simple possession but possession with intent to distribute.  Section 4B1.2 makes it explicit that any crime under federal or state law carrying a penalty of more than one year and involving possession of a controlled substance with intent to distribute it is a "crime of violence" under § 4B1.1.  His counsel had no ground on which to make the argument defendant wanted him to assert.

Defendant has asked for appointment of counsel to represent him on his § 2255 motion, but he has shown no reason for appointing one, other than the possibility that counsel might be able to find some other error in his trial or sentencing.  I am not persuaded that this is a sufficient ground on which to appoint counsel.  Much as defendant would like to find an error that would entitle him to a new trial or at least a new sentencing, he has not come close to showing that either his trial or sentencing was unconstitutional in any respect. He was represented at trial by two excellent lawyers; he was represented in appeal by an equally excellent and even more experienced criminal defense lawyer; and he had an opportunity to take a full appeal of his conviction.

Defendant was found guilty of possessing a firearm as a felon.  He admitted to booking officers in the jail that he possessed a "pistol."  It would take a magician rather than a lawyer to win an acquittal for defendant under these circumstances.


ORDER

3

IT IS ORDERED that defendant Larry Hendrix's motion for reduction of his sentence under 28 U.S.C. § 2255 is DENIED, as is his motion for appointment of counsel on the motion.

Entered this 10th day of June, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge